## Mollie Creekmur v. Willis Creekmur.

(Decided March 4, 1927.)

### Appeal from Caldwell Circuit Court.

1. Divorce—Divorce Decree is Not Reversible, Though Erroneous.— Though a decree of absolute divorce, granted husband on ground of abandonment, was erroneous, since his conduct rendered it impossible for wife to live with him, it could not be reversed on appeal, being final.

2. Divorce—Though Decree Erroneously Granting Husband Divorce is Not Reversible, Wife Held Entitled to Alimony Where Husband was Unjustly Cruel.—Wife held entitled to alimony where

husband failed to properly support her, ignored and insulted her and made it impossible for her to live with him, though judgment granting divorce to husband could not be disturbed on appeal.

R. W. LISANBY for appellant.

J. ELLIOTT BAKER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant, Mollie Creekmur, who was the plaintiff below, and appellee, Willis Creekmur, who was the defendant below, were married in March, 1921, and lived together as husband and wife until April, 1924, when plaintiff left defendant's home. He is 80 and she is 70 years of age. He was a widower but she had never been married though she has a son more than 40 years old. However, it is conclusively shown that, except for an indiscretion in her early life, her conduct in the community in which she has always resided has been exemplary and her reputation for morality is good.

On February 2, 1925, she instituted this action in the Caldwell circuit court in which she sought to recover alimony in the sum of $1,500.00, alleging that the defendant had abandoned her and that for more than six months next before the separation he habitually behaved toward her in such cruel and inhuman manner as to indicate a settled aversion to her and to permanently destroy her peace and happiness.

The defendant filed an answer controverting the allegations of the petition, and he later filed an amended answer and counterclaim in which he prayed for a divorce on the ground of abandonment for one year. The plaintiff filed an amended petition in which she prayed for a divorce on the grounds set out in her original petition.

The evidence for the plaintiff shows that she is an industrious woman and had been engaged in domestic service all of her life in the community in which defendant resided; that defendant's sister, who is 70 years old and feeble minded, lived with him, and plaintiff cooked, washed and ironed for the family, as thus constituted and also milked the cows, in addition to performing the customary duties of housekeeper. During the period of their married life defendant gave the plaintiff to use for her own purposes two dimes, but on one occasion he borrowed from her a dime she had earned by sewing for a

neighbor and which he never repaid, so that the net amount given to her during a period of more than three years was 10c. On one occasion, at her request, he gave a preacher one dollar, but he informed her that was the last dollar he would give to a preacher. He purchased a few clothes for her, including a hat for $2.90 and a pair of shoes for $2.50. Describing the condition of these shoes at the time she left his home, she said: "I was almost barefooted. I did have some soles and heels and part of the top, but the rest was gone."

About a year before the separation defendant moved his bed from the room he and plaintiff had occupied and thereafter he practically ignored her and merely tolerated her presence in his home, though accepting the fruits of her work.

When his deposition was taken he admitted on cross-examination that he had ceased to care for plaintiff and gave as his reason therefor that it was reported to him she had been guilty of immoral conduct with other men since their marriage. He quoted Frank Baker as saying: "She was sorter of an off-handed woman." Defendant named Wright Creekmur and Dave Thompson as the men with whom plaintiff was unduly intimate. Wright is 83 and Dave 75 years old. It is conclusively shown that his suspicions were unfounded and his treatment of plaintiff unjustified. His conduct rendered it impossible for plaintiff to continue to live with him and the court erred in granting him a divorce.

Defendant owns three small tracts of land worth approximately $1,500.00, a small amount of personal property and receives a pension of $50.00 per month.

The court should have granted plaintiff alimony in the sum of $500.00, payable in monthly installments of $15.00 each, and in the event of defendant's death before the full amount is paid, the unpaid installments to become due and payable immediately out of his estate. The judgment granting defendant a divorce cannot be disturbed, but so far as it denies alimony to plaintiff the judgment is reversed, with directions to enter a judgment granting her alimony in the sum of $500.00, payable in the manner herein indicated.